IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANDREW LEE JACKSON     PETITIONER

v.     Case No. 6:19-cv-06049

DEXTER PAYNE, Director,     RESPONDENT
Arkansas Department of Correction

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner is Andrew Lee Jackson ("Jackson"). On April 16, 2019, Jackson filed the current Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent Payne filed a response on July 31, 2019. ECF No. 12. The Court held a hearing on this Petition *via* Zoom on October 22, 2020. ECF No. 47. After this hearing, the Parties supplied post-hearing findings of fact and conclusions of law. This matter is now ripe for consideration.

This Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Petition, Response, and all exhibits submitted and finds this Petition should be **DENIED.**

**A.**     **Procedural Background**:[1]

Jackson is an inmate incarcerated at the East Arkansas Regional Unit. ECF No. 1. The facts surrounding this case arise from 2014 when Jackson repeatedly had sex with teenaged sisters I.S. and M.S. while he was their neighbor and youth pastor. He was convicted by a jury in Garland County, Arkansas of two counts of rape and was sentenced to consecutive terms of 40 years' imprisonment for each count. *See Jackson v. State,* 2018 Ark. App. 222, at 1, 547 S.W.3d 753, 755 (2018) (*Jackson I).* Jackson appealed that conviction and raised two claims as a part of his appeal: (1) the circuit court

---

[1] The procedural background is taken from the Petition, Response, all the attached exhibits, and matters of public record regarding this case.

1

erred by denying his request for a non-model jury instruction and (2) the circuit court erred by improperly limiting his cross-examination of Sergeant Michael Wright. The Arkansas Court of Appeals affirmed his conviction, finding he did not preserve the issue regarding the non-model instruction for appeal and finding the limitation of Sergeant Wright's cross-examination was proper. *See id.*

Thereafter, Jackson filed a motion for postconviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. *See Jackson v. State,* 2019 Ark. App. 104, at 3-5, 572 S.W. 3d 458, 459-60 (2019) (*Jackson II).* This motion was denied because the postconviction petition failed to comply with a procedural rule requiring a verification by Jackson. Instead, his attorney improperly verified this petition.[2] The Arkansas Court of Appeals affirmed that denial. *See Jackson II.*

On April 16, 2019, Jackson filed a *pro se* Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. ECF No. 1. Thereafter, Jackson was appointed counsel, Travis Morrissey, who filed a supplement to Jackson's Petition. ECF No. 8. Respondent Payne filed a response on July 31, 2019. ECF No. 12. The Court held a video conference hearing on this matter on October 22, 2020. The Court heard testimony from Jackson's trial and appellate counsel, Mr. Shane Etheridge, and several employees of the Arkansas Division of Corrections. Additionally, Jackson and Mr. Benjamin Motal, his post-conviction counsel, also testified at the hearing.[3] The Parties have now submitted post-

---

[2] The postconviction petition was not verified by Jackson himself but was instead verified by his attorney. As the Arkansas Court of Appeals held, this violated the Arkansas procedural rules. *See Jackson II.* At the hearing on the current petition, there was a discussion as to whether Jackson's counsel, Mr. Motal, was denied access to Jackson such that the petition could not be properly verified. Although he was not listed as a witness, Mr. Motal even *personally* appeared and then testified at the hearing in this matter and before this Court regarding this issue and defending his Rule 37 petition. ECF No. 47.

[3] Mr. Motal's conduct in this case is troubling. It appears from the testimony of Mr. Motal and from phone records of his communication with Jackson at the prison, that Mr. Motal was aware Jackson was represented by other counsel and communicated with Jackson about this case while that representation was ongoing. It further appeared from the testimony of Jackson and Mr. Motal that he has continued his communication with Jackson during this Federal proceeding, despite knowing Jackson was again represented by other counsel. Finally, Mr. Motal appears to have been less than forthright with the Court. on the day of the hearing. Mr. Motal appeared in person at the courthouse for the hearing held on October 22, 2020. When questioned by

2

hearing findings of fact and conclusions of law. This is Petition is currently before this Court, and it is now ripe for consideration.

**B.    Instant Motion**:

Jackson raises six different grounds (with the first ground having thirteen subclaims) in his Petition:

1. **Ground #1:** His counsel was ineffective in the following particulars:

    a. *Claim #1*: His trial counsel was ineffective for failing to challenge the sufficiency of the evidence on appeal. ECF No. 1 at 16.

    b. *Claim #2*: His trial counsel was ineffective for failing to make a contemporaneous objection to the testimony of an expert witness, forensic examiner Tracy Childress, in which she stated that she believed that the victims' experience of the trauma cause by Jackson's rapes was credible. ECF No. 1 at 16.

    c. *Claim #3*: His trial counsel was ineffective for failing to preserve the argument that the circuit court erred by refusing to issue a non-model jury instruction limiting the testimony of Childress's allegedly "bolstering" testimony described above. ECF No. 1 at 16.

    d. Claim #4: His trial counsel was ineffective on appeal in pursuing his claim on appeal "that Sergeant Wright was biased against Jackson and others whom Sergeant Wright had arrested for child sex-abuse offenses in separate, unrelated cases." ECF No. 1 at 16-17.

    e. *Claim #5*: His trial counsel was ineffective for failing to move to admit, under an exception to the rape-shield statute, Ark. Code Ann. § 16-42-101, evidence of prior sexual abuse claims of one of his victims. ECF No. 1 at 17.

    f. *Claim #6*: His trial counsel was ineffective for failing to communicate with him "before, during, and after the trial." ECF No. 1 at 17.

    g. *Claim #7*: His trial counsel was ineffective for moving to consolidate the case involving his rape of I.S. with the case involving the rape of M.S. ECF No. 1 at 17.

    h. *Claim #8*: His trial counsel was ineffective for failing to move for a change of venue because of the "widespread media coverage" of his case. ECF No. 1 at 17.

---

the Court about his in-person appearance Mr. Motal stated to the Court that he was unaware the hearing was a video conference hearing. He stated this despite the fact he had a few days before requested the link to the video conference hearing. The Court sent this link to Mr. Motal.

      i. *Claim #9:* His trial counsel was ineffective in his use of peremptory strikes. ECF No. 1 at 17.

      j. *Claim #10:* His trial counsel was ineffective in his opening statement. ECF No. 1 at 17-18.

      k. *Claim #11:* His trial counsel was ineffective for failing to call expert witnesses. ECF No. 1 at 18.

      l. *Claim #12:* His trial counsel was ineffective in cross-examining the state witnesses. ECF No. 1 at 18.

      m. *Claim #13:* His trial counsel was ineffective a the sentencing phase of the trial because he did not challenge the 80-year sentence. ECF No. 12 at 11.

2. **Ground #2:** The evidence admitted at trial was insufficient to support his conviction because there was no physical evidence of rape and the testimony of the victims changed between the filing of the original information and the trial. ECF No. 1 at 7.

3. **Ground #3:** His speedy trial rights were violated. ECF No. 1 at 8.

4. **Ground #4:** The state court violated his due process rights (for a number of reasons). ECF No. 1 at 10, 20.

5. **Ground #5:** The Arkansas courts erred in dismissing his petition for Rule 37 postconviction relief for the reasons expressed by Judge Virden's concurrence in *Jackson II.* ECF No. 1 at 21.

6. **Ground #6:** His sentence of 40 years for rape, and the state trial court's imposition of consecutive sentences, violates the Eighth Amendment ban on cruel and usual punishment. ECF No. 1 at 22-23.

Respondent has addressed each of these issues and claims Jackson is not entitled to relief on any of these claims. ECF No. 12.

**C.**     **Applicable Law:**

Jackson seeks *habeas* review of a state-court conviction in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. In the interests of finality and federalism, a federal *habeas* court is constrained by statute to exercise only a "limited and deferential review of underlying state-court decisions." *See, e.g., Whitehead v. Dormire,* 340 F.3d 532, 536 (8th Cir. 2003). The "AEDPA erects a formidable

barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013).

A federal court reviewing a state-court merits ruling of a federal question may grant habeas-corpus relief only if the state's adjudication "(1) resulted in a decision that was contrary to, or an unreasonable application of, clearly stablished Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Under § 2254(d)(2), a decision adjudicated on the merits in a state court based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *See, e.g., Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003). In making this determination, factual findings by the state courts are presumed correct absent clear and convincing evidence to the contrary. *Id.;* 28 U.S.C. § 2254(e)(1).

**D.**     **Discussion**:

The Court will address each of Jackson's six grounds for relief.

### 1. Ineffective Assistance of Counsel

Jackson raises thirteen different claims of ineffective assistance of counsel. The Court will address each of these issues separately. As an initial matter, however, the Court will first consider the standard for demonstrating ineffective assistance of counsel.

In order to prevail on a claim for ineffective assistance of counsel, Jackson must show his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel

within the context of Section 2254, a petitioner faces a heavy burden. *See United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996). The burden of proving ineffective assistance of counsel is on the petitioner. *See United States v. Chronic,* 466 U.S. 648, 658 (1984). Accordingly, Jackson has the burden of establishing both his counsel's deficient performance and his resulting prejudice to be entitled to relief. *See, e.g., Davis v. Norris,* 423 F.3d 868, 877 (8th Cir. 2005).

### A. *Claim #1:* Sufficiency of the Evidence

First, Jackson claims his trial counsel was ineffective for failing to challenge the sufficiency of the evidence on appeal. ECF No. 1 at 5. Jackson argues the Arkansas Court of Appeals found "the failings of [his] counsel were a substantial factor in the outcome of the case." ECF No. 1 at 16. Jackson also stated the Arkansas Court of Appeals "noted that the attorney [Jackson's attorney] failed to challenge the sufficiency of the evidence" as a part of the appeal. *Id.*

In reviewing the direct appeal, *Jackson I,* the Arkansas Court of Appeals made no such statement regarding his counsel's "failings." Instead, in introducing the claims and addressing the issues raised, that court stated "[o]n appeal, Jackson does not challenge the sufficiency of the evidence to support his convictions." *See Jackson I* at *1. That is the entirety of the analysis.

As to the merits of Jackson's claim that his trial counsel was ineffective, the Court first notes that Jackson did not properly raise this claim as a part of a Rule 37 postconviction petition. As such, he has procedurally defaulted on this claim. *See* 28 U.S.C. § 2254(b)(1)(A) (1996).

Thus, because Jackson procedurally defaulted on this claim, the Court must next consider whether this default should be excused. A procedural default may be excused if the petitioner can demonstrate one of two requirements: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that the failure to consider the claim will result in a fundamental

miscarriage of justice, as in actual innocence.[4] *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991). "Cause" requires a showing of some impediment, external of the defense, preventing a petitioner from presenting or developing the factual or legal basis of a claim. *See Murray v. Carrier,* 477 U.S. 478, 488-89 (1986). As the U.S. Supreme Court stated in *Murray,* "we think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor *external* to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id* (emphasis added).

In the present action, the "cause" alleged by Jackson is the East Arkansas Regional Unit interfered with his attorney's access to Jackson and prevented him from obtaining the verification necessary for a Rule 37 petition. ECF No. 47. As Mr. Motal testified at the hearing on this petition, he visited Jackson at this unit "18 days before we filed the Petition," but he was not allowed to bring any documentation into the unit during regular visitation. ECF No. 47 at 75. Instead, he was required to follow the rules of the unit. *Id.* Under those rules, Mr. Motal was required to schedule "an in-person meeting only on a regular business day" as was required for attorney-client visits. *Id.* Mr. Motal declined to schedule such a meeting with Jackson and testified that would be "very difficult" for him because he was representing Jackson *pro bono* case. *Id.*

As far as timing, Mr. Motal testified that the deadline for the Rule 37 petition was June 23, 2018. ECF No. 47 at 77. Mr. Motal testified was notified on June 15, 2018 that it would take more than one week to approve his status as Jackson's attorney and schedule an in-person visitation on a weekday. *Id.* Mr. Motal testified that with timing, Jackson could not verify the postconviction

---

[4] Even though Jackson does reference his "actual innocence" in certain parts of his briefing, he has not presented any evidence to use this as an excuse for a procedural default. Thus, this Court will not consider the issue of his "actual innocence."

petition so Mr. Motal verified it instead. *Id.* According to the record and *Jackson II,* that petition was actually filed on June 20, 2018. *Id.*

Upon review, the Court finds Mr. Motal's failure to comply with the rules of the East Arkansas Regional Unit does not constitute "cause" to excuse this procedural default. According to his testimony, it appears he visited Jackson "18 days before we filed the Petition" or on June 2, 2018. At that time, despite the complexity of the situation, Mr. Motal should have ascertained the requirements for an in-person visitation with his client. Indeed, the fact that it was "very difficult" to visit his client on a scheduled weekday visit does not demonstrate the East Arkansas Regional Unit impeded his ability to file this postconviction Rule 37 petition or was an external obstacle. *See Murray,* 477 U.S. at 488-89.

In fact, Mr. Derrick Bailey, who was "over inmate visitation" at the times in question, testified that Mr. Motal could have had an attorney/client meeting with Jackson by giving twenty-four (24) hours' notice to the prison. ECF No. 47 at 106. As Respondent Payne also suggested, Motal "could simply have used the U.S. Mail and sent a verification, instructions, and a self-addressed, stamped envelope to Jackson." ECF No. 12 at 19-20. This Court agrees and finds this is not a sufficient demonstration of "cause" to excuse a procedural default. Thus, the Court finds Jackson procedurally defaulted on his first ineffective assistance of counsel claim, and he is barred from bringing this *habeas* claim.[5]

---

[5] Upon review of his petition and the hearing testimony in this case, Jackson does not appear to specifically claim his postconviction counsel, Mr. Motal, was ineffective in bringing his Rule 37 petition and in failing to obtain the proper verification. In his post-hearing briefing, however, Jackson does raise this issue. Even if Jackson did make this claim and argue the procedural default should be excused because of Mr. Motal's mistake, the Court would still find Jackson's claims are without merit. Jackson is not entitled to effective assistance of counsel in the postconviction proceedings. *See Coleman,* 501 U.S. 722, 752 (1991). Further, the exception in *Martinez v. Ryan,* 566 U.S. 1 (2012), does not apply because Jackson did not properly institute a Rule 37 proceeding. *See, e.g., Travis v. Kelley,* 2017 WL 4295258, at *5 (E.D. Ark. Sept. 5, 2017). Thus, once again, this does not offer a basis for excusing this procedural default.

### B. *Claim #2:* Objection to Tracy Childress

Second, Jackson claims his trial counsel was ineffective for failing to object to the testimony of an expert witness, forensic examiner Tracy Childress, in which she stated that she believed that the victims' experience of the trauma cause by Jackson's rapes was credible. ECF No. 1 at 16. As with Claim #1, Jackson did not raise this issue in state court and did not raise it in a properly-filed Rule 37 postconviction petition. Thus, he has procedurally defaulted on this claim. *See* 28 U.S.C. § 2254(b)(1)(A). Likewise, as with Claim #1, Jackson has not provided an excuse for this procedural default. Thus, it should be dismissed.

### C. *Claim #3:* Limiting Instruction

Third, Jackson claims his trial counsel was ineffective for failing to preserve the argument that the circuit court erred by refusing to issue a non-model jury instruction limiting the testimony of Childress's allegedly "bolstering" testimony described above. ECF No. 1 at 16. Jackson did raise this issue as a part of his direct appeal. *See Jackson I.* The Arkansas Court of Appeals did not address this issue, however, because Jackson's counsel did not preserve this issue for appeal. As that court found, "we need not reach this issue because Jackson's counsel also failed to preserve this argument because he did not proffer his proposed non-model jury instruction into the record." *Id.* at 756.

Furthermore, despite the fact Jackson raised this issue on direct appeal, Jackson did not raise this issue as a properly-filed Rule 37 petition. Thus, he has procedurally defaulted on this claim. *See* 28 U.S.C. § 2254(b)(1)(A). Likewise, as with Claims #1 and 2, Jackson has not provided an excuse for this procedural default. Thus, it should be dismissed.

### D. *Claim #4:* Sergeant Wright

Fourth, Jackson claims his trial counsel was ineffective on appeal in pursuing his claim that Sergeant Wright was biased. ECF No. 1 at 16-17. As with the other ineffective assistance of counsel claims, Jackson did not raise this issue in state court and did not raise it in a properly-filed Rule 37

postconviction petition. Thus, he has procedurally defaulted on this claim. *See* 28 U.S.C. § 2254(b)(1)(A). Likewise, as with the other ineffective assistance of counsel claims, Jackson has not provided an excuse for this procedural default. Thus, it should be dismissed.

### E. *Claims #5-13:* Remaining Claims

Jackson claims, for nine other reasons, that his trial counsel was ineffective. ECF No. 1 at 17-19. As with the other ineffective assistance of counsel claims, Jackson did not raise these issues in state court and did not raise them in a properly-filed Rule 37 postconviction petition. Thus, he has procedurally defaulted on these claims. *See* 28 U.S.C. § 2254(b)(1)(A) (1996). Likewise, as with the other ineffective assistance of counsel claims, Jackson has not provided an excuse for this procedural default. Thus, these claims should be dismissed.

### 2. Evidence Sufficiency

Jackson claims the "evidence presented at trial showed no physical evidence of a crime," the "uncorroborated testimony from two different accusers claiming to different things was [a] basis for evidence used against me at trial," the "ones testifying against me had both told neighbors in prior interviews that claims did not happen," and "the stories changed multiple times over the two-and-a half years from arrest to trial." ECF No. 1 at 7.

As with the ineffective assistance of counsel claims, Jackson did not raise this issue in state court and did not raise it in a properly-filed Rule 37 postconviction petition. Thus, he has procedurally defaulted on this claim. *See* 28 U.S.C. § 2254(b)(1)(A). As with the ineffective assistance of counsel claims, Jackson has not provided an excuse for this procedural default. Thus, it should be dismissed.

### 3. Speedy Trial

Jackson claims his speedy trial rights were violated for a number of reasons. ECF No. 1 at 8. He claims it took nearly two-and-a-half years after he was arrested until he went to trial. *Id.* As with the ineffective assistance of counsel claims, Jackson did not raise this issue in state court and did not

raise it in a properly-filed Rule 37 postconviction petition. Thus, he has procedurally defaulted on this claim. *See* 28 U.S.C. § 2254(b)(1)(A). As with the ineffective assistance of counsel claims, Jackson has not provided an excuse for this procedural default. Thus, it should be dismissed.

### 4. Due Process Rights

Jackson claims the state court violated his due process rights. ECF No. 1 at 10, 20. As with the ineffective assistance of counsel claims, Jackson did not raise this issue in state court and did not raise it in a properly-filed Rule 37 postconviction petition. Thus, he has procedurally defaulted on this claim. *See* 28 U.S.C. § 2254(b)(1)(A) (1996). Likewise, as with the ineffective assistance of counsel claims, Jackson has not provided an excuse for this procedural default. Thus, it should be dismissed.

### 5. Rule 37 Postconviction Relief

Jackson claims the Arkansas courts erred in dismissing his petition for Rule 37 postconviction relief for the reasons expressed by Judge Virden's concurrence in *Jackson II*. ECF No. 1 at 21. Allegations of state-law error are not cognizable in federal *habeas* cases. *See, e.g., Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). *See also Pulley v. Harris,* 465 U.S. 37, 41 (1984) (recognizing a "federal court may not issue the writ on the basis of a perceived error of state law"). Thus, this Court should not address Arkansas's state court's handling of a postconviction petition under an Arkansas rule.

### 6. Cruel and Unusual Punishment

Jackson claims his sentence of 40 years for rape, and the state trial court's imposition of consecutive sentences, violates the Eighth Amendment ban on cruel and usual punishment. ECF No. 1 at 22-23. As with the ineffective assistance of counsel claims, Jackson did not raise this issue in state court and did not raise it in a properly-filed Rule 37 postconviction petition. Thus, he has procedurally defaulted on this claim. *See* 28 U.S.C. § 2254(b)(1)(A). As with the ineffective

assistance of counsel claims, Jackson has not provided an excuse for this procedural default. Thus, it should be dismissed.

E. **Conclusion**:

Based upon the foregoing, the Court recommends Jackson's Petition for Writ of Habeas Corpus (ECF No. 1) be **DENIED** in its entirety. The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 25th day of March 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE