IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANDREW LEE JACKSON                                                                    PETITIONER

v.                                              Civil No. 6:19-cv-06049

DEXTER PAYNE                                                                          RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed March 25, 2021, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 60). Judge Bryant recommends that the instant habeas petition be denied. Judge Bryant also recommends that no Certificate of Appealability issue in this matter. Petitioner filed timely objections to the Report and Recommendation. (ECF Nos. 62, 66). Respondent has filed a response. (ECF No. 70). The Court finds the matter ripe for consideration.

### I. BACKGROUND

A Garland County jury convicted Petitioner of two counts of rape. Petitioner was sentenced to forty years on each count, with the sentences ordered to run consecutively. Petitioner appealed his conviction to the Arkansas Court of Appeals, which was denied. *See Jackson v. State*, 547 S.W.3d 753 (Ark. App. 2018). Thereafter, Petitioner filed a motion for postconviction relief in Arkansas state court under Rule 37 of the Arkansas Rules of Criminal Procedure. The Rule 37 petition was verified by Petitioner's postconviction attorney, Mr. Ben Motal, on Petitioner's behalf.[1] However, Rule 37 requires that a petition be verified by the petitioner themself, not the

---

[1] It appears from the record that Mr. Motal was unfamiliar with the Arkansas Division of Correction visitation procedures such that Petitioner ran out of time to execute the documents necessary to personally verify the Rule 37 petition before the time to do so expired. (ECF No. 60, p. 7-8).

petitioner's attorney. Ark. R. Crim. P. 37.1(c). The trial court dismissed the Rule 37 petition because it was not properly verified. The Arkansas Court of Appeals upheld the dismissal of the Rule 37 petition. *See Jackson v. State*, 572 S.W.3d 458 (Ark. App. 2019).

Petitioner then filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The petition alleges six claims for relief: (1) ineffective assistance of trial counsel; (2) sufficiency of the evidence; (3) violation of Petitioner's right to a speedy trial; (4) violation of due process; (5) error in dismissing the Rule 37 petition; and (6) violation of Petitioner's constitutional rights under the Eighth Amendment. Judge Bryant recommends that all claims for relief, other than Petitioner's challenge regarding the Rule 37 petition, should be dismissed because Petitioner has procedurally defaulted on each claim. Judge Bryant also recommends that Petitioner's challenge to the dismissal of the Rule 37 petition be dismissed because the Court lacks jurisdiction to review state law errors on federal habeas review.

## II. DISCUSSION

The Report and Recommendation is properly considered in two parts: (1) procedural default; and (2) the Court's ability to hear matters arising under Arkansas law on habeas review. The Court will consider each issue in turn.

**A. Procedural Default**

A habeas petitioner must "fairly present" his or her claims in state court before seeking habeas relief in federal court. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). When a petitioner fails to fully exhaust his claims in state court and the time for doing so has passed, the petitioner's claims are procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 731-32

(1991). When a procedural default occurs, federal habeas review of the claim is barred unless the petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or otherwise demonstrate that the failure to consider his claim will result in a "fundamental miscarriage of justice." *Id*. at 750.

Judge Bryant's Recommendation finds that Petitioner has procedurally defaulted on his claims for habeas relief because he failed to properly file a Rule 37 petition in Arkansas state court. Judge Bryant also finds that Petitioner has failed to demonstrate "cause" to excuse the procedural default, based in large part upon the dubious actions of Petitioner's post-conviction attorney. Indeed, Judge Bryant specifically holds that even if Mr. Motal's postconviction representation of Petitioner was ineffective, ineffective assistance of postconviction counsel cannot excuse procedural default under the circumstances presented. Petitioner objects to Judge Bryant's findings that Petitioner cannot obtain habeas relief if his postconviction counsel was ineffective. (ECF No. 62, ¶ 9).

### 1. Procedural Default and Ineffective Postconviction Counsel

The United States Supreme Court has recognized that, in a narrow range of habeas cases, a petitioner may rely on the ineffective assistance of postconviction counsel to set aside a procedural default if that ineffective assistance of counsel occurred at the initial step of Petitioner's state postconviction proceedings. *See Martinez v. Ryan*, 566 U.S. 1 (2012); *see also Trevino v. Thaler*, 569 U.S. 413 (2013). However, the *Martinez* exception is limited to instances where a Petitioner procedurally defaults on an ineffective assistance of trial counsel claim and that procedural default was caused by the separate ineffective assistance of postconviction counsel. *Martinez*, 566 U.S. at 17; *see also See Davila v. Davis*, 582 U.S. __, 137 S. Ct. 2058, 2065-66 (2017). Therefore, a petitioner can avoid procedural default in instances where the ineffective

assistance of postconviction counsel caused a procedural default, and that default bars the petitioner from presenting his or her ineffective assistance of trial counsel claim on federal habeas review. *Martinez*, 566 U.S. at 17; *Trevino*, 413 U.S. at 429. The Eighth Circuit has specifically applied the *Martinez* exception to Arkansas's Rule 37 procedures, holding that the district court may set aside procedural default on an ineffective assistance of trial counsel claim where: "(1) the claim of ineffective assistance of trial counsel was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; and (3) the state collateral review proceeding was the 'initial' review proceeding with respect to the ineffective assistance of trial counsel claim." *Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014); *see also Sasser v. Hobbs*, 735 F.3d 833, 853 (8th Cir. 2013).

Judge Bryant found that the *Martinez* exception did not apply to this case because Petitioner did not properly file a Rule 37 petition. Judge Bryant cites generally to *Travis v. Kelly*, 5:17-cv-00044, 2017 WL 4295258 (E.D. Ark. Sept. 5, 2017) to support this conclusion. However, the court in *Travis* held that a petitioner must only "*initiate* the [Rule 37] proceeding by filing a Rule 37 petition . . . before [the petitioner] can rely on *Martinez* to excuse his procedural default." *Id*. at *5 (emphasis added). There is nothing in *Travis* which holds that a Rule 37 must be filed *properly* in order for the *Martinez* exception to apply. Instead, *Travis*, and the case law upon which *Travis* relies, concern only those instances where a petitioner failed to bring a Rule 37 petition in the first instance. *See Willis v. Kelly*, No. 5:16-cv-05101, 2017 WL 906979, at *4 (W.D. Ark. Feb. 17, 2017) (holding that *Martinez* did not apply because petitioner did not file *any* Rule 37 motion); *Moore v. Kelley*, No. 514-cv-0094, 2016 WL 958125 at *4 (E.D. Ark. Feb 18, 2016) (holding that *Martinez* did not apply because petitioner "never initiated a Rule 37 action"); *McCullough v. Kelly*, No. 5:15-cv-00162, 2016 WL 1039521, at *2 (E.D. Ark. Feb. 25, 2016) (holding that "*Martinez*

4

does not apply in this case because Petitioner did not file a Rule 37 petition"); *Bland v. Hobbs*, No. 5:11-cv-286, 2012 WL 2389904, at *3 n.5 (E.D. Ark. June 12, 2012). Accordingly, the holding in *Travis* stands only for the general proposition that *Martinez* does not apply in instances where no Rule 37 petition has been filed at all.[2] *Id*.

In addition to these cases, the Court observes that the *Martinez* exception is equitable in nature and is based on the notion that courts should consider ineffective assistance of trial counsel claims "when an attorney's errors . . . caused a procedural default[.]" *Martinez*, 566 U.S. at 14. Indeed, if a petitioner procedurally defaults on their only opportunity to present an ineffective assistance of trial counsel claim in state court, then the default would also prevent Petitioner from challenging the effectiveness of his or her trial counsel on federal habeas review. The Supreme Court specifically observed that ineffective assistance of trial counsel is of "particular concern" on postconviction review. *Id*. at 12. Because of this, the Court fashioned an exception to procedural default in instances where the error of a postconviction attorney will prevent any review of a petitioner's ineffective assistance of trial counsel claim. *Id*. at 11-13. Moreover, the Eighth Circuit has specifically held that *Martinez* applies to a Rule 37 petition because the Rule 37 procedure is the only meaningful opportunity for a petitioner to raise an ineffective assistance of trial counsel claim in Arkansas state court. *See Sasser*, 735 F.3d at 853.

To hold that a Rule 37 petition must be filed *properly* before the *Martinez* exception can apply would abandon the equitable principles upon which *Martinez* is based. Indeed, such a ruling would deny a petitioner any review of his or her ineffective assistance of trial counsel claim in

---

[2] In fact, courts have specifically observed that unless a Rule 37 petition is filed, a petitioner's postconviction counsel cannot be found to be ineffective because no postconviction proceedings took place. *See Willis*, No. 5:16-cv-05101, 2017 WL 906979 at *4 (observing that petitioner "did not file an initial post-conviction proceeding as required by Rule 37 and, therefore, there is no conduct of counsel, or an absence of counsel, in such a proceeding to consider as a cause").

5

instances where a defective Rule 37 petition was caused by inefficient postconviction counsel. *Martinez* plainly applies to those situations where an attorney's ineffective postconviction representation procedurally bars a petitioner from presenting an ineffective assistance of trial counsel claim on habeas review. Accordingly, the Court finds that the *Martinez* exception applies when a defective Rule 37 petition was filed and the defective motion causes a procedural default on an ineffective assistance of trial counsel claim.

Based on the foregoing, the Court finds that Judge Bryant's conclusion that the *Martinez* exception did not apply to this case was made in error. A Rule 37 petition was filed by Mr. Motal on Petitioner's behalf. The Rule 37 petition was defective and therefore dismissed. Of particular concern, Judge Bryant observed that Mr. Motal engaged in "troubling" behavior throughout this case and identified actions that Mr. Motal should have taken in order to avoid the procedural default. (ECF No. 60, p. 2 n.3, p. 8). Under these circumstances, Petitioner is entitled to findings of fact and conclusions of law regarding whether Mr. Motal's actions were sufficiently egregious so as to set aside procedural default under *Martinez* and *Sasso*.[3] Accordingly, the Court declines to adopt the Report and Recommendation on Petitioner's ineffective assistance of trial counsel claim and will recommit the matter to Judge Bryant for further findings of fact.

With regard to Petitioner's remaining claims, the Court notes that the *Martinez* exception only applies to ineffective assistance of trial counsel claims. *See Davis*, 582 U.S. __, 137 S. Ct. at 2065-66. Petitioner's objections only address whether Mr. Motal's actions demonstrate cause to set aside procedural default. (ECF No. 62, ¶ 4). Therefore, there is nothing in the record or Plaintiff's objections evidencing why procedural default should be set aside with regard to Petitioner's remaining claims. Being well and sufficiently advised and finding no clear error on

---

[3] The Court expresses no opinion as to whether Mr. Motal's postconviction representation was constitutionally deficient, or whether the remaining elements of the *Martinez* exception have been satisfied.

the face of the record with respect to any further claims, the Court adopts the Report and Recommendation with regard to all other claims for which Petitioner has procedurally defaulted. Accordingly, the Court finds that Petitioner's claims regarding the sufficiency of the evidence, speedy trial, due process, and the constitutionality of his sentence, should all be dismissed.

### B. Review of Rule 37 Dismissal

The habeas petition also challenges the dismissal of Petitioner's Rule 37 action under Arkansas law. Judge Bryant recommends that this claim be dismissed because allegations of state-law error are not cognizable in federal habeas cases. *See e.g. Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner has not filed objections to this finding and the time to do so has passed. *See* 28 U.S.C. § 636(b)(1). Being well and sufficiently advised and finding no clear error on the face of the record, the Court adopts the Report and Recommendation with regard to Petitioner's challenge to the dismissal of his Rule 37 petition.

### III. CONCLUSION

Based on the foregoing, the Court adopts the Report and Recommendation (ECF No. 60) **IN PART**. The Court adopts the Report and Recommendation in that Petitioner's Writ of Habeas Corpus is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE** on grounds 2-6. No certificate of appealability shall issue with regard to these claims. However, the Court declines to adopt the Report and Recommendation as it relates to Petitioner's ineffective assistance of trial counsel claim. Instead, the Court **RECOMITTS** this matter to Judge Bryant to determine whether procedural default can be set aside on this claim pursuant to the *Martinez* exception.

**IT IS SO ORDERED**, this 7th day of February, 2022.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge
