IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANDREW LEE JACKSON                                                    PETITIONER


v.                                    Case No. 6:19-cv-6049


DEXTER PAYNE, Director,
Arkansas Department of Correction                                    RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed March 10, 2022, by the

Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

(ECF No. 74).  Judge Bryant recommends that the instant habeas petition should be denied in its

entirety and that no certificate of appealability should issue.  Petitioner Andrew Lee Jackson

objects.  (ECF No. 75).  Respondent Dexter Payne has responded to the objections.  (ECF No. 76).

The matter is ripe for consideration.  For the following reasons, the report and recommendation

will be adopted.

## I.  BACKGROUND

Petitioner was charged with rape in two separate criminal cases for having sexual

intercourse with two teenaged girls.  Petitioner's trial counsel successfully moved to consolidate

the two cases.  Petitioner proceeded to trial on March 27, 2017, at the conclusion of which a

Garland County Circuit Court jury found him guilty on two counts of rape.[1]  Petitioner was

sentenced to forty years of imprisonment on each count, to be served consecutively.  Petitioner

---

[1] The instant report and recommendation extensively summarized the testimonial and documentary evidence admitted during the trial.  (ECF No. 74, pp. 2-10).  The Court will not restate that entire discussion here.  It is enough to say that the state offered witness testimony from, among others, the two teenaged girls, their father, their school counselor, two investigating police officers, and an expert forensic examiner who interviewed the girls.  The state also offered into evidence over one thousand text messages exchanged between Petitioner and the two teenaged girls during the events at issue.

appealed to the Arkansas Court of Appeals, which affirmed the convictions on April 4, 2018. *See generally Jackson v. State*, 2018 Ark. App. 222, 547 S.W.3d 753.

Petitioner obtained new counsel for postconviction proceedings and, on June 20, 2018, filed a petition for relief pursuant to Arkansas Rule of Criminal Procedure 37 in the Garland County Circuit Court. Before filing, Petitioner's postconviction counsel was unable to bring the necessary Rule 37 paperwork into Petitioner's prison for him to personally review and sign before the expiration of the filing deadline, so counsel signed the documents on Petitioner's behalf. The trial court dismissed the petition as improperly verified because the Arkansas Rules of Criminal Procedure require a Rule 37 petitioner to personally sign and verify his or her petition. Petitioner appealed to the Arkansas Court of Appeals, which affirmed the dismissal on February 20, 2019. *See generally Jackson v. State*, 2019 Ark. App. 104, 572 S.W.3d 458.

On April 16, 2019, Petitioner filed in this Court the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The petition alleged six claims for relief: (1) ineffective assistance of trial counsel; (2) sufficiency of the evidence; (3) violation of Petitioner's right to a speedy trial; (4) violation of due process; (5) error in dismissing the Rule 37 petition; and (6) violation of Petitioner's Eighth Amendment rights. On October 22, 2020, Judge Bryant held a lengthy hearing on the petition and allowed the parties to submit post-hearing findings of fact and conclusions of law.

On March 25, 2021, Judge Bryant issued a report and recommendation, recommending that all claims for relief, other than Petitioner's challenge regarding the dismissal of his Rule 37 petition, should be dismissed because Petitioner has procedurally defaulted on each claim. (ECF No. 60). Judge Bryant also recommended that the Court dismiss Petitioner's challenge to the dismissal of the Rule 37 petition because the Court lacks jurisdiction to review state law errors on federal habeas review. Petitioner objected, and Respondent responded to the objections.

On February 7, 2022, the Court adopted the report and recommendation in part.  (ECF No. 71).  The Court denied and dismissed all of Petitioner's claims for habeas relief except the first claim regarding ineffective assistance of trial counsel.  The Court then recommitted that claim to Judge Bryant to determine whether a procedural default of the claim could be set aside pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012).

On March 10, 2022, Judge Bryant issued the instant report and recommendation.  (ECF No. 74).  Judge Bryant recommends that the Court deny and dismiss Petitioner's remaining claim for habeas relief because it is procedurally defaulted, and because Petitioner has not satisfied the requirements to set aside the procedural default under *Martinez*.  Petitioner objects.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* W.D. Ark. Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Timely and specific objections will generally trigger *de novo* review.  *See Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  A "clearly erroneous" standard of review applies to the portions of a report

and recommendation that are not objected to. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

Following the Court's partial adoption of Judge Bryant's first report and recommendation, Petitioner's sole remaining claim for habeas relief is for ineffective assistance of trial counsel. Within that claim, Petitioner raises thirteen different instances of alleged ineffective assistance of his trial counsel, each of which he contends warrants a new trial.

A habeas petitioner must "fairly present" his or her claims in state court before seeking habeas relief in federal court. *See Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). When a petitioner fails to fully exhaust his claims in state court, and the time to do so has passed, the petitioner's claims are procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

Judge Bryant finds that Petitioner procedurally defaulted on his ineffective-assistance-at-trial claim. Petitioner does not argue otherwise. Thus, there appears to be no dispute that Petitioner procedurally defaulted on the claim. The issue now becomes whether the procedural default may be set aside. Judge Bryant finds that it cannot, and thus recommends that the Court deny and dismiss the remainder of the instant habeas petition.

Federal habeas review of a procedurally defaulted claim is barred unless the petitioner can: (1) demonstrate "cause" for the default and "actual prejudice" because of the alleged violation of federal law, or (2) otherwise demonstrate that the failure to consider his habeas claim will result in a "fundamental miscarriage of justice." *Id*. at 750. To establish "cause," the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice,

4

the petitioner must show not that "the errors at . . . trial created a *possibility* of prejudice," but that a constitutional violation "worked to his *actual* and substantial disadvantage." *Id.* at 949 (emphasis in original).

Where there is no constitutional right to counsel, there can be no deprivation of effective assistance. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam). "There is no constitutional right to an attorney in state post-conviction proceedings." *Coleman*, 501 U.S. at 752. This means that generally, ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse factual or procedural default. *See id*. at 752-55.

In one narrow exception, though, a habeas petitioner can avoid procedural default when ineffective assistance of postconviction counsel in an initial-review state collateral proceeding caused a procedural default that bars the petitioner from presenting a claim of ineffective assistance of trial counsel for federal habeas review. *See Martinez*, 566 U.S. at 17; *see also Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (holding that *Martinez* applies if a state's judicial system effectively forecloses direct review of ineffective-assistance-at-trial claims); *Thomas v. Payne*, 960 F.3d 465, 469 (8th Cir. 2020) (describing *Martinez* as applied to Arkansas habeas petitioners). "Cause" exists under *Martinez* to set aside a procedural default if Petitioner shows: "(1) the claim of ineffective assistance of trial counsel was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; and (3) the state collateral review proceeding was the 'initial' review proceeding with respect to the ineffective assistance of trial counsel claim." *Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014); *see also Sasser v. Hobbs*, 735 F.3d 833, 853 (8th Cir. 2013).

Petitioner's objections can be divided into four categories. First, he argues that the Court should set aside the entire report and recommendation and conduct an entirely *de novo* review because Judge Bryant failed to address the issue the Court recommitted to him. Second, he argues

that "cause" exists to set aside his procedural default because his postconviction counsel was ineffective. Third, he argues that his actual innocence entitles him to habeas relief. Fourth, he argues that Judge Bryant incorrectly determined that his claims of ineffective assistance of trial counsel were not "substantial" under *Martinez*. The Court will begin with the first objection and will address the others as necessary.

### A. Whether Judge Bryant Ignored the Recommitted Issue

On February 7, 2022, the Court partially adopted Judge Bryant's first report and recommendation and recommitted the matter to him to determine whether Petitioner's postconviction counsel was so constitutionally deficient that *Martinez* would apply to set aside Petitioner's procedural default of his habeas claim of ineffective assistance of trial counsel. In doing so, the Court noted that it expressed no opinion on whether Petitioner's postconviction counsel was constitutionally deficient, or whether the remaining *Martinez* elements are met.

The instant report and recommendation properly notes the three requirements for *Martinez* to apply: (1) the claim of ineffective assistance of trial counsel must be a "substantial"; (2) there must be cause consisting of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; and (3) the state collateral review proceeding must have been the initial review proceeding with respect to the ineffective assistance of trial counsel claim. *Dansby*, 766 F.3d at 834. The report and recommendation then states that the Court's February 7, 2022, order determined that the second requirement was met here. Thus, Judge Bryant declined to "address [that] issue further." Judge Bryant then began with the first *Martinez* element and finds that Petitioner's remaining habeas claim was not "substantial."

Petitioner argues that Judge Bryant refused to discuss the second *Martinez* exception based on his misreading the Court's February 7, 2022, order. Petitioner contends that the Court should

6

reject Judge Bryant's report and recommendation in its entirety and consider all issues *de novo* because Judge Bryant refused to address the issue the Court specifically recommitted to him.

It does appear that the instant report and recommendation misread the Court's February 7, 2022, order.  Or at least, the report and recommendation's analysis began by assuming that the second *Martinez* element was met and then turned to the other elements.  Essentially, the analysis conceded to Petitioner the second *Martinez* element—that his postconviction counsel was constitutionally deficient.

This assumption was not determinative to Judge Bryant's analysis, though, as he later found that Petitioner had not satisfied the first *Martinez* element, which is subject to separate objections and will be discussed below.  To the extent that the report and recommendation erred in crediting Petitioner the second *Martinez* element, it is harmless error.  The Court recommitted the matter, in part, for Judge Bryant to "determine whether procedural default can be set aside . . . pursuant to the *Martinez* exception."  (ECF No. 71, p. 7).[2]  Judge Bryant ultimately conducted that analysis.  This objection does not present cause for the Court to completely reject Judge Bryant's report and recommendation.

### B. Actual Innocence

Petitioner argues that the record shows he is entitled to habeas relief because of his actual innocence.  He engages in an extensive discussion of the evidence offered at his trial and argues that the two teenaged girls who accused him of rape were completely uncredible and that their testimony could not have been believed by any rational jury.  He also contends there was no physical evidence or third-party witness offered to establish rape.  Thus, he argues that the evidence shows an overwhelming improbability that he committed the crimes he was accused of,

---

[2] Unless otherwise noted, all citations to specific pages in record filings are to the pagination generated at the top of the page by the CM/ECF system.

so he should be granted habeas relief regardless of whether he procedurally defaulted on his remaining claim.

Any standalone actual-innocence claim was adjudicated in the Court's February 7, 2022, order which, *inter alia*, denied and dismissed Petitioner's habeas claims challenging the sufficiency of the evidence supporting his convictions and alleging due process violations. The Court found those claims to be inexcusably procedurally defaulted, and they cannot be revived or reargued now.

To the extent that Petitioner is arguing that actual innocence should excuse or otherwise override the procedural default of his remaining ineffective-assistance-at-trial claim, that argument is unpersuasive. The case Petitioner relies on for this proposition is *Pilchak v. Camper*, in which a federal district court granted, and the Eighth Circuit affirmed, section 2254 habeas relief to someone convicted of drug offenses. *Pilchak v. Camper*, 935 F.2d 145, 147 (8th Cir. 1991). In that case, the petitioner was appointed a public defender who was undergoing severe cognitive decline due to Alzheimer's disease, which greatly affected counsel's performance and decision-making during trial. *Id.* Additionally, the potential jury panel was hand-selected by the local sheriff's office, which also actively participated in investigating the petitioner. *Id.* As a result, the petitioner was found guilty and sentenced to life in prison. *Id.* at 146. The petitioner seemingly procedurally defaulted on her habeas claims at the state level, but the federal habeas courts found that the constitutional violations that occurred before and during her trial were so "fundamentally unjust" that she was entitled to a new trial regardless of whether she could show traditional "cause" and "prejudice" to excuse procedural default. *See id.* at 148-49. However, the Eighth Circuit cautioned that *Pilchak* was "an unusual case" and "should not be considered precedent" creating an end-around of the ordinary rule that procedural default cannot be excused without a showing of cause and prejudice. *See id.* at 149.

8

In this case, Petitioner does not contend that the potential jury panel at his trial was hand selected by investigating police officers, nor does he assert that his trial counsel was mentally unfit to provide effective assistance.[3]  Instead, Petitioner argues that his accusers' testimony at trial was entirely unreliable and could not have been believed by any rational person.  He contends that he was a youth minister with no prior legal history and has always maintained his innocence, and in the absence of any third-party eyewitnesses or physical evidence of rape, no rational jury could have convicted him of rape.  This argument essentially re-argues Petitioner's procedurally defaulted claims regarding due process and the sufficiency of the trial evidence.  As previously stated, those claims have been dismissed and will not be revisited here.  In any event, though, *Pilchak* is distinguishable from the facts of this case.  Petitioner has not convinced the Court that *Pilchak* should—or could—be applied here, especially considering the Eighth Circuit's admonition that *Pilchak* should not be viewed as precedent establishing an end-around of the ordinary rules governing procedural default.

There is another possible argument regarding innocence, though.  A habeas petitioner can obtain review of procedurally defaulted claims if he:  (1) produces reliable new evidence that was not available at trial and (2) demonstrates that it is more likely than not that with this new evidence, no reasonable juror would have convicted him.  *See Schlup v. Delo*, 513 U.S. 298, 326-28 (1995).  To use this so-called "actual innocence . . . gateway," the newly produced evidence must be so probative when viewed alongside the evidence offered at trial that the reviewing court cannot have confidence in the state trial's outcome.  *See Amrine v. Bowersox*, 128 F.3d 1222, 1227 (8th Cir. 1997).

---

[3] To be sure, Petitioner argues that his trial counsel made various mistakes during trial that amount to ineffective assistance, but that is not the same as the trial counsel in *Pilchak*, who was suffering "substantial effects of the onslaught of a mentally debilitating disease" that greatly compromised his decision-making during trial.  *Pilchak v. Camper*, 741 F. Supp. 782, 799 (W.D. Mo. 1990), *aff'd*, 935 F.2d 145 (8th Cir. 1991).

Judge Bryant's first report and recommendation seems to have briefly recognized this possible exception and noted that Petitioner offered no evidence that would serve as an actual-innocence exception to procedural default.  (ECF No. 60, p. 7).  Petitioner's first set of objections disputed this, arguing that the trial record is filled with evidence demonstrating the likelihood of his innocence.  (ECF No. 62, p. 1).

The evidence admitted at Petitioner's trial is not newly discovered evidence, though.  Petitioner is again merely re-arguing the sufficiency of the evidence offered at his trial and urging that the admitted evidence could not have allowed the jury to reach the verdict it did.  That is not the purpose of relief under *Schlup*, which permits consideration of evidence that was unavailable during trial, not a simple re-weighing of the evidence considered by the jury.  *Cf. Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993) ("The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited.  Federal courts are not forums in which to relitigate state trials."); *Rainer v. Kelley*, 865 F.3d 1035, 1042 (8th Cir. 2017) (stating that the "Antiterrorism and Effective Death Penalty Act of 1996 . . . modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas retrials and to ensure state-court convictions are given effect to the extent possible under law").

Petitioner has not offered any new, reliable evidence that makes it more likely than not that no reasonable jury would have convicted him.  He is not entitled to relief under *Schlup*.  *See Amrine*, 128 F.3d at 1227.  Accordingly, Petitioner's objections regarding actual innocence are unavailing.

### C. Substantial Claim under *Martinez*

As previously discussed, one of the three *Martinez* elements requires that the otherwise procedurally defaulted ineffective-assistance-at-trial claim be "substantial."  *See Dansby*, 766 F.3d at 834.  "A substantial ineffective-assistance claim is one that has some merit."  *Id.*  By contrast,

an insubstantial claim "does not have any merit or . . . is wholly without factual support." *Martinez*, 566 U.S. at 15-16.

Judge Bryant finds that Petitioner has not made a "substantial" claim of ineffective assistance of trial counsel because all the asserted instances of ineffective assistance are meritless and/or lack factual support. Thus, Judge Bryant recommends that *Martinez* does not apply to set aside Petitioner's procedural default, so the Court should deny and dismiss the remaining claim.

To consider whether an ineffective assistance claim is substantial, the Court uses the standard set by *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984). Petitioner must show that his trial counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms," and that counsel's "professionally unreasonable" conduct "prejudiced the defense." *See Sund v. Young*, No. 5:14-cv-5070-KES, 2015 WL 4249405, at *4 (D.S.D. July 13, 2015) (collecting cases applying *Strickland* in a *Martinez* context).

To show prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006). If Petitioner does not meet the "heavy burden" of satisfying *Strickland*, *see United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996), then his "ineffective-assistance-of-counsel claim is 'without merit' and cannot be deemed to be a 'substantial' claim under *Martinez*." *Wright v. Hobbs*, No. 5:13-cv-210 KGB-JTR, 2015 WL 2374184, at *6 (E.D. Ark. May 18, 2015).

Petitioner's claim of ineffective assistance of trial counsel raises thirteen ways in which he contends trial counsel was constitutionally deficient. Judge Bryant separately determined that none of them are substantial under *Martinez*. Petitioner objects to each finding. Two of

Petitioner's objections are specific, while the others are not.  The Court will begin by separately addressing Petitioner's specific objections.  Then the Court will collectively address Petitioner's remaining objections.

### 1. Failure to Object to the Testimony of Tracy Childress

At trial, the state offered the expert testimony of Tracy Childress, a forensic examiner who interviewed the two teenaged girls who accused Petitioner of rape.  During a line of questioning about how Childress conducts forensic interviews, the state asked Childress whether she believed the two girls were traumatized by sexual abuse.  Childress answered yes, and when asked why she thought that, answered that she found the girls "to be credible . . . [and] consistent and congruent in [their] statements and . . . had no motive to fabricate."  (ECF No. 12-4, p. 194).

The state finished its direct examination shortly afterwards, at which point Petitioner's trial counsel asked for a sidebar.  He told the judge that he meant to object to Childress' testimony regarding the credibility of the girls' statements, but somehow missed the chance to do so contemporaneously.  Counsel stated that he believed that Childress' testimony was inadmissible under Arkansas precedent and that his failure to object created a Rule 37 case for Petitioner.  The judge told counsel that he could cross-examine Childress on the issue if he wanted, and counsel did so.

Petitioner now argues that his trial counsel was ineffective for failing to object to Childress' testimony regarding the girls' credibility.  Judge Bryant finds this argument unpersuasive for four reasons.  First, he notes that Petitioner's trial counsel was able to cross-examine Childress.  Second, he finds that Childress did not opine on the ultimate issue of the case:  Petitioner's guilt.  Third, he finds that the girls' testimony was not the only evidence supporting conviction, as other witness testimony and the thousands of text messages corroborated the girls' accounts.  Finally, he finds

that Petitioner did not show how he was prejudiced by the failure to object, given that other evidence offered at trial supported the guilty verdict.

Petitioner objects, arguing that the girls' testimony was the only evidence of rape, and their testimony was entirely unreliable because their respective stories were inconsistent and changed over time. He argues that Childress offered expert testimony that the girls are credible, which usurped the jury's role as the factfinder and bolstered the girls' credibility such that the jury believed them when it otherwise would not have. Because counsel did not object to that testimony, Petitioner argues that Arkansas caselaw compels a finding of ineffective assistance and thus, a new trial.

In Arkansas, "an expert's or a witness's testimony opining or directly commenting on the truthfulness of a victim's statement or testimony is generally inadmissible." *Beard v. State*, 2020 Ark. 62, 7, 594 S.W.3d 29, 32. "[S]uch testimony invades the province of the jury, which alone determines the credibility of the witnesses and apportions the weight to be given to the evidence." *Id.*, 594 S.W.3d at 33.

It is undisputed that Childress testified that she believed the girls were telling the truth during their interviews. It also appears undisputed that trial counsel's failure to object to that testimony was not part of a trial strategy. *See Fukunaga v. State*, 2016 Ark. 164, 5, 489 S.W.3d 644, 647 (2016) (finding no ineffective assistance when defense counsel chose not to object to bolstering testimony as part of his trial strategy). However, those facts alone are not dispositive of the issue. Failure to object to "admission of testimony regarding the victims' credibility is prejudicial when the sole evidence was the victims' testimony." *Beard*, 2020 Ark. 62, 7, 594 S.W.3d at 33. Conversely, "the admission of testimony commenting on the truthfulness of the victims was not prejudicial when there was other evidence supporting conviction in addition to the victims' testimony and statements." *Id.* at 9, 594 S.W.3d at 34.

13

After careful consideration of the trial record, the Court agrees with Judge Bryant. The two girls offered detailed, graphic testimony regarding Petitioner engaging in sexual acts with them. The state's case against Petitioner certainly relied heavily on this testimony. However, Petitioner is incorrect that this was the only evidence offered supporting conviction. The girls' friends, family, and a school counselor testified regarding their observations and knowledge of the relationships between the girls and Petitioner. Forensic investigators, nurses, and professional counselors testified regarding interactions and interviews they had with the girls. The state also offered into evidence over a thousand text messages exchanged between the girls and Petitioner, reflecting inappropriate relationships occurring between them. Thus, the girls' testimony was not the only evidence supporting conviction.

Moreover, other factors support a finding that Petitioner was not prejudiced by his trial counsel's failure to object to Childress' bolstering testimony. A failure to object to credibility-bolstering testimony is less likely to constitute ineffective assistance if the court later instructs the jury on its obligation to assess the credibility of the witnesses, and if the defense challenges the victim's credibility in other avenues. *See Abernathy v. State*, 2012 Ark. 59, 7-10, 386 S.W.3d 477, 483-85 (applying *Strickland* and affirming the denial of Rule 37 relief, in part, because the court's jury instruction and counsel's closing argument mitigated any prejudice suffered from defense counsel's failure to object to bolstering testimony); *see also Abernathy v. Hobbs*, 748 F.3d 813, 817 (8th Cir. 2014) (collecting cases finding insufficient prejudice for habeas relief for failure to object to credibility-bolstering testimony when a curative jury instruction was given).

Before jury deliberations began, the judge in Petitioner's trial gave model jury instructions stating that the jury is the sole judge of credibility and can give whatever weight it wished to lay and expert testimony. (ECF No. 12-4, pp. 342-43; ECF No. 47, p. 30). These instructions were reiterated during closing arguments. (ECF No. 12-4, pp. 351-52). Additionally, Petitioner's

14

counsel cross-examined the girls and Childress and, during closing arguments, recounted the inconsistencies and possible biases in their testimony, emphasizing that the jury's job was to determine who to believe.  (ECF No. 12-4, pp. 369-71).  Childress' testimony regarding the girls' credibility "was prejudicial, but the degree of prejudice was not sufficient, considering the instructions and argument in this case, to undermine confidence in the outcome of the trial" and amount to ineffective assistance.  *Abernathy*, 2012 Ark. at 8, 386 S.W.3d at 484.

Upon *de novo* review, the Court finds for the reasons stated by Judge Bryant and for the reasons stated above, that the failure of Petitioner's trial counsel to object to Childress' testimony fails to satisfy *Strickland*.  This claim is not "substantial" under *Martinez*.

### 2. Rape Shield Law

In relevant part, the Arkansas rape-shield law provides that in criminal prosecutions for rape, evidence of an accuser's prior sexual conduct or allegations of sexual conduct are inadmissible to attack the accuser's credibility or for any other purpose.  Ark. Code Ann. § 16-42-101(b).  The statute carves out one exception, though, allowing the admission of such evidence if the defense so moves and the court finds the evidence relevant after holding an *in camera* hearing.  Ark. Code Ann. § 16-42-101(c).

Petitioner claims that his trial counsel was ineffective for failing to move for admission of evidence of one of his accuser's prior, unrelated sex-abuse allegations.  Judge Bryant finds that Petitioner does not specify which of the two girls he is referring, the circumstances of the prior sex-abuse claim, or the circumstances of the alleged prior allegations.  Thus, Judge Bryant finds that it cannot be determined whether the evidence would have been admissible under the Arkansas rape-shield statute.  Judge Bryant recommends that the Court find that this claim is conclusory, and therefore insubstantial.  Petitioner objects, finally identifying which of the two accusers he

was referring to and arguing that his counsel's failure to seek introduction of the girl's prior sex-abuse allegations prejudiced him by depriving him of the chance to impeach her.

A party may not assert arguments, claims, or legal theories in his objections to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration. *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *Chaney v. Hutchinson*, No. 4:18-cv-0478-BSM, 2018 WL 4134639, at *1 (E.D. Ark. Aug. 29, 2018) (citing *Hylla v. Transp. Commc'ns Int'l Union*, 536 F.3d 911, 921 (8th Cir. 2008)). "[T]he purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). To hold otherwise would effectively give a party "two opportunities for judicial review." *Id.*

Petitioner did not identify any details of the prior sex-abuse evidence he wanted admitted until he filed his objections to the instant report and recommendation. That information was not made available to Judge Bryant for consideration. Thus, that information should not be considered now, raised for the first time in objections. *See id.* Absent that information, the Court finds no clear error on the face of the record with respect to the issue and concludes that Judge Bryant's recommendation should be adopted.

However, even if Petitioner's objections are properly considered here after being raised for the first time in objections, they are unavailing. Petitioner cites *Rogers v. State*, 2018 Ark. 309, 558 S.W.3d 833, in support of his argument that his trial counsel should have moved to introduce evidence of an accuser's prior sex-abuse allegations. In *Rogers*, the defendant was charged with rape and asked at trial for the admission of an accuser's prior theft conviction for impeachment purposes. *Rogers,* 2018 Ark. at 11, 558 S.W.3d at 840. The trial court denied the motion, and the

16

Supreme Court of Arkansas ultimately reversed, holding that evidence of prior convictions involving dishonestly and false statements are always admissible for impeachment purposes. *Id.* at 12-13, 558 S.W.3d at 841.

Petitioner argues that *Rogers* established that impeachment evidence concerning the credibility of a child witness should generally be admitted, especially if credibility is a central issue in the case. He argues that, like in *Rogers*, his trial essentially came down to "he said/she said" and he was prejudiced without admission of that evidence because his counsel could not argue at trial that Petitioner did not have sex with the girl, and that the sex acts she described in her testimony were based on memories of her prior sexual assault.

However, *Rogers* did not set a blanket rule of admissibility of impeachment evidence in a "he said/she said" context where credibility is a key issue. *Rogers* reiterated the general rule of "automatic" admissibility for impeachment purposes of evidence of prior convictions bearing on truthfulness. *See id. Rogers* is distinguishable from this case. *Rogers* did not involve the Arkansas rape-shield statute and, as far as the record shows, Petitioner was not seeking to introduce evidence of a prior conviction bearing on truthfulness. Petitioner cites no authority extending *Rogers* to authorize the admission of any evidence bearing on credibility for impeachment purposes. Thus, his reliance on *Rogers* is unavailing.

Moreover, Petitioner has still not provided the specific circumstances surrounding the accuser's prior sex abuse allegations or shown that a motion by his trial counsel would have been successful. Without the exact details of the accuser's prior sex-abuse allegations, the Court cannot determine whether that information was similar enough for such a motion to be even arguably meritorious. *Cf. State v. Townsend*, 366 Ark. 152, 156-57, 233 S.W.3d 680, 683-84 (2006) (stating that the Supreme Court of Arkansas "has uniformly and consistently excluded evidence of [a raped] minor's prior sexual activity, because in those cases the only two issues to be determined

17

are the fact of the occurrence of the prohibited activity and the age of the minor," and speaking skeptically about a potential argument that the minor confused the prior sex-abuse incident with the present one after noting the minor described the present incident in clear detail).

Furthermore, Petitioner's trial counsel testified at the October 22, 2021, hearing and stated that he practiced regularly in front of the judge who presided over Petitioner's trial and was very familiar with her tendencies when ruling on motions. Counsel testified that, in his professional opinion, there was "zero chance" that the judge would have granted a motion to introduce evidence of one of the accusers' prior, unrelated sex-abuse allegations. (ECF No. 47, pp. 32-33). Counsel also testified that he was confident that such an argument would have likewise been rejected on appeal. He testified that he discussed this with Petitioner at the time, who indicated that he understood. Petitioner does not identify any record evidence contradicting this testimony or otherwise rebutting the strong presumption of reasonableness afforded to this general matter of trial strategy.

The Arkansas rape-shield statute prohibits the admission of evidence of a rape accuser's prior sex acts or sex-abuse allegations unless the judge finds such evidence relevant. Ark. Code Ann. § 16-42-101(b-c). In light of trial counsel's testimony regarding his familiarity with the trial judge, and Petitioner's failure to provide specific information regarding the prior sex-abuse allegations, Petitioner does not show that a motion to introduce such evidence would have succeeded or that it would have changed the result at trial. Thus, he has not satisfied *Strickland*'s requirements. *See Wicoff v. State*, 321 Ark. 97, 101, 900 S.W.2d 187, 189 (1995) (stating that a strategic "decision not to request a hearing under Arkansas' rape shield statute to explore the relevance of evidence of the victims' prior sexual conduct, may not, standing alone, be sufficient to establish ineffective assistance of counsel."). This claim is not "substantial" under *Martinez*.

18

### 3. Claims with Insufficient Objections

Petitioner also makes other claims that his trial counsel was ineffective.  He argues that his trial counsel:  (1) failed to communicate with him before, during, and after trial and failed to convey plea offers from the state; (2) should not have moved to consolidate the two separate rape cases; (3) should have moved for a change of venue; (4) should have used peremptory strikes during *voir dire*; (5) should have given a longer opening statement at trial; (6) ineffectively cross-examined witnesses; (7) should have called expert witnesses to rebut the state's witnesses; (8) ineffectively prepared for and argued during the sentencing phase; (9) filed a spurious appeal challenging the judge's refusal to let him cross-examine an investigating police officer over perceived bias; (10) failed to challenge the sufficiency of the evidence on appeal; and (11) failed to preserve the issue regarding Tracy Childress' testimony for appellate review.

Judge Bryant finds all these claims to be insubstantial under *Martinez*.  He finds that many of these claims involve general matters of trial strategy that are presumed reasonable, and that Plaintiff has not rebutted that presumption for any claim.  He also finds that Petitioner has not shown how he was prejudiced by any of the claims as contemplated by *Strickland*.  He finds further that several of the claims are directly refuted by the record.  Thus, he recommends that the Court reject each claim as insubstantial.

Petitioner objects with a single sentence for each argument, reiterating the claim with no other elaboration or discussion.  (ECF No. 75, pp. 43-45).  These are not specific objections and do not trigger *de novo* review for two reasons.  First, "general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations" do not trigger *de novo* review.  *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).  Second, "[s]imply restating arguments and facts already presented to the Magistrate Judge

does not constitute a viable objection to a report and recommendation." *Munt v. Larson*, No. 15-cv-0582 SRN/SER, 2015 WL 5673108, at *7 (D. Minn. Sept. 23, 2015).

Petitioner's objections on these issues are general and conclusory.  They do not engage with Judge Bryant's analysis or point to any specific error of law or fact therein.  They only repeat broad contentions that Judge Bryant already considered and rejected.  Because Petitioner has not made specific objections to Judge Bryant's findings and recommendations on these issues, the Court reviews for clear error.  *See Grinder*, 73 F.3d at 795.  Upon review, the Court sees no clear error on the face of the record and thus adopts the report and recommendation on these issues.  These claims are not "substantial" under *Martinez*.

### 4. Other Arguments

Petitioner's objections to the instant report and recommendation also raise several other claims that his trial counsel was ineffective.  He argues, without elaboration or discussion, that his trial counsel failed on numerous occasions to object to the admission of evidence; made no motions in limine before trial; and failed to interview crucial witnesses.  (ECF No. 75, p. 44).

The Court believes that these general and conclusory claims are subsumed within the claims already addressed above, and thus, fail for the same reasons.  They do not identify any specific errors, detail what should have been done differently, or show how different action would have changed the outcome at trial.  Thus, they do not satisfy *Strickland*.  To the extent that these arguments are meant to raise new, standalone claims of ineffective assistance of trial counsel, they are still ineffective because Petitioner cannot make arguments in his objections that were not first considered by Judge Bryant.  *See Ridenour*, 679 F.3d at 1067.  These objections present no reason to depart from Judge Bryant's report and recommendation.  These claims are not "substantial" under *Martinez*.

**D. Conclusion**

After careful review of the record, and after *de novo* review of Petitioner's specific objections, the Court agrees with Judge Bryant that Petitioner's remaining habeas claim is not "substantial" under *Martinez* such that his procedurally defaulted claim of ineffective assistance of trial counsel can be excused.[4] Thus, the Court agrees with Judge Bryant's recommendation that Petitioner's section 2254 petition should be denied and dismissed. That recommendation will be adopted.

Judge Bryant also recommends that no certificate of appealability should issue. Petitioner did not object to this and his time to do so has passed. The Court finds no clear error on the face of the record with respect to that recommendation and will adopt it.

### III. CONCLUSION

Being well and sufficiently advised, and upon *de novo* review of all specific objections, the instant report and recommendation (ECF No. 74) is hereby **ADOPTED** for the above-stated reasons. Petitioner's section 2254 habeas petition (ECF No. 1) is **DENIED AND DISMISSED WITH PREJDUICE**. No certificate of appealability will issue.

**IT IS SO ORDERED**, this 27th day of May, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[4] Failure to show any of the three *Martinez* elements can end the analysis. *See Dansby*, 766 F.3d at 834 (describing the three *Martinez* elements in the conjunctive). In light of the finding that Petitioner has not satisfied the first element, there is no need to discuss the remaining objection regarding the actions of his postconviction counsel, which bears on the second element.